UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. VOTH,<br><br>        Petitioner,<br><br>    v.<br><br>BEN CURRY,<br><br>        Respondent. | CIV S-06-2896 RBL<br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

THIS MATTER is before the Court for consideration of Petitioner's Petition for Writ of Habeas Corpus [Dkt. #1]. The Court has reviewed the material submitted in support of and opposition to the Petition. For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED on all grounds.

## I. BACKGROUND

Petitioner John D. Voth was convicted by a jury of assault with a deadly weapon on a peace officer and driving in willful disregard for the safety of persons or property while fleeing from a pursuing police officer. Petitioner is confined by Respondent pursuant to a judgment of the Superior Court of the State of California, County of Sacramento. He was sentenced to state prison for a term of 13 years 4 months.

Petitioner filed a timely appeal to the California Court of Appeal, Third Appellate District. The Court modified the credits and fines, but affirmed the judgment. He then petitioned the California Supreme Court for review, but was denied on July 27, 2006. On January 5, 2006, Petitioner filed a Petition for Writ of Habeas

Corpus in the California Supreme Court. The Petition was denied on July 20, 2006. Petitioner then filed a Petition for Writ of Habeas Corpus with the United States District Court for the Eastern District of California.

Petitioner's conviction was a result of an incident occurring in October of 2003. When Petitioner was being pulled over for driving with a cracked windshield and expired license plate, he initially slowed down, but then accelerated to a high speed. Several patrol vehicles pursued Petitioner. One patrol vehicle eventually bumped the front of Petitioner's truck, causing it to spin to a stop so that it was facing the patrol vehicle driven by Deputy Tim Albright. The jury concluded that Petitioner purposefully accelerated towards, and eventually struck, Deputy Albright's vehicle. Deputy Albright suffered back and shoulder injuries as a result of the collision. Petitioner claimed, however, that he was attempting to escape rather than strike Deputy Albright's car.

## II. HABEAS CORPUS RELIEF STANDARD

This case is governed by the standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a federal court may grant an application for habeas corpus relief arising from a state court adjudication on the merits if the state proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established federal law under AEDPA where the state court applies a rule that runs contrary to controlling Supreme Court precedent or where the state court is confronted with a factual scenario that is "materially indistinguishable" from the facts of a Supreme Court decision but reaches a result different than the Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 403-06 (2000)).

A state court decision involves an "unreasonable application of" clearly established federal law if the state court identifies the correct governing legal principle from the decisions of the Supreme Court but applies it to the facts of a prisoner's case in an "objectively unreasonable" manner, such that the state court decision is "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75.

Further, even if a state court decision was clearly erroneous, the Court may grant relief only if Petitioner shows that the error had a "substantial or injurious effect" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

### III. PETITIONER'S CLAIMS

Petitioner states three grounds upon which his Petition depends. First, Petitioner claims that the trial court violated his Fourteenth Amendment due process rights when it failed to adequately instruct the jury on the possibility of a lesser offense and did not provide verdict forms that included the lesser offense. Second, Petitioner claims that his appellate attorney rendered ineffective assistance in violation of the Sixth Amendment. Third, Petitioner claims that the errors that occurred at the trial and appellate court, which individually may not have amounted to a deprivation of due process, cumulatively denied Petitioner of his right to a fair trial and appeal.

### A. Jury Instructions and Verdict Forms

Petitioner was charged, inter alia, with one count of violating Section 245(c) of the Penal Code of the State of California, which provides:

> Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

As noted by the California Court of Appeal, this section speaks in the disjunctive regarding whether the assault was committed with a deadly instrument *or* by means likely to produce great bodily injury. Although Petitioner was charged in the conjunctive: "defendant did willfully and unlawfully commit an assault with a deadly weapon and instrument[,] to wit[,] a motor vehicle[,] *and* by force likely to produce great bodily injury upon the person of Deputy T. Albright...," the jury was properly instructed in the disjunctive. The verdict forms, however, only permitted the jury to find defendant guilty or not guilty "of the crime of violation of Section 245(c) of the Penal Code of the State of California (assault with a deadly weapon on a peace officer) as charged in Count Two of the Information."

Petitioner argues that he was prejudiced because the court failed to supply a verdict form with respect to the alternative theory that the crime was committed by any means likely to produce great bodily injury upon the person of a peace officer. He argued at the appellate court that a violation of Section 245(c) in that manner is not a strike under the Three Strike Law, while a violation of section 245(c) by committing an assault with a deadly weapon or instrument on a peace officer is a strike. The Court of Appeal stated, however, that Petitioner was mistaken:

> Section 1192.7, which lists "serious felonies" under the Three Strikes law (§§ 667, subd. (A)(4), 1170.12, subd. (B)(1)), includes both "assault with a deadly weapon or instrument on a peace officer" (§ 1192.7, subd. (c)(11)) and "assault on a peace officer or firefighter, in violation of section 245" (id., subd. (c)(31)). The latter provision is broad enough to include assault on a peace officer by means of force likely to produce great bodily injury since "an assault on a peace officer or firefighter, in violation of Section 245," necessarily includes an assault on a peace officer by any means likely to produce great bodily injury, as set forth in section 245(c).

Thus, even had the jury been thoroughly instructed and provided verdict forms on the alternative offense, Petitioner would not have been spared his "strike-enhanced" sentence. In other words, the trial court's failure to provide the jury with complete instructions and verdict forms was harmless error. Additionally, even if the trial court acted contrary to California State law, its error does not necessarily constitute a deprivation of Petitioner's right to due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[Petitioner] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.") Petitioner has not shown that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. Therefore, this claim for relief is DENIED.

### B. Ineffective Assistance of Appellate Counsel

Petitioner also claims that his appellate attorney was constitutionally ineffective, ridding him of his right to competent counsel guaranteed by the Sixth Amendment. In his Petition for Writ of Habeas Corpus, it appeared as though Petitioner was also claiming the ineffectiveness of his trial attorney; however, in Petitioner's Traverse, he waived this argument, stating:

> It may appear that petitioner was trying to claim ineffective assistance of counsel for both trial counsel <u>and</u> appellate counsel. That was not the case. Petitioner asks the courts [sic] forgiveness for the confusion. Petitioner was simply trying to persuade the court of the <u>many</u> issues of injustice and procedural errors that have compounded the constitutional violations.... Petitioner contends he has exhausted his claim of ineffective assistance of counsel. His appellate attorney was the one who's deficient performance prejudiced the petitioner/defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings and this was presented to the California Supreme Court in a petition for writ of habeas corpus.

Thus, this Court will only evaluate Petitioner's claim that his appellate counsel was ineffective.

First, the Court agrees with Petitioner that he exhausted the claim of his appellate counsel's ineffective assistance. Petitioner's sole complaint in the state court was that the appellate counsel did not federalize his inconsistent verdict claim; however, he sufficiently raised the ineffectiveness of appellate counsel for the purpose of exhaustion despite his failure to raise the additional allegations now at issue. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed.")

The Court disagrees, however, that Petitioner alleges facts sufficient to substantiate a Sixth Amendment Claim. The Petitioner's claim that his conviction must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) counsel's "deficient performance prejudiced the defense." *Id*. at 687. To show that counsel's performance was deficient, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

Petitioner alleges that his appellate counsel failed to make himself familiar with all aspects of the appeal, did not interview Petitioner, and failed to investigate. Petitioner did not, however, allege specific errors committed by appellant counsel that would fall below the objective standard of reasonableness, as required to succeed on this claim under *Strickland*. *See id*. He further fails to establish that he was in any way prejudiced by his appellate counsel's alleged failure to thoroughly investigate or familiarize himself with the appeal. *Id*. Accordingly, Petitioner has failed to show that the state court's denial of his ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, this claim for relief is DENIED.

### C. Cumulative Error

Lastly, Petitioner claims that there were multiple instances of error in his state court proceedings and, when viewed cumulatively, the errors deprived him of a fair trial and appeal. First, Petitioner did not raise this argument in state court; therefore, it is unexhausted. Second, this argument would not succeed on the merits. Petitioner has not successfully shown that there was error in his proceedings, let alone multiple errors that combined to deprive him of due process. Therefore, this claim for relief is DENIED.

### IV. PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

Petitioner claims that he is entitled to an evidentiary hearing. In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Schriro v.*

*Landrigan*, 550 U.S. 465, 468 (2007). Petitioner has failed to allege facts that, if proven, would entitle him to habeas relief. Even if Petitioner's allegations that his appellate attorney failed to thoroughly investigate his appeal were proven true at an evidentiary hearing, he would not be entitled to habeas relief because he has failed to show how his attorney's performance negatively affected the outcome of the proceedings. Therefore, Petitioner is not entitled to an evidentiary hearing.

## V.  CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [Dkt. #1] is **DENIED**. The Court declines to issue a Certificate of Appealability because the Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated this 27th day of May, 2010.

\_\_/s/ Ronald B. Leighton_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE